## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**TAVIS DOYLE,**

        **Petitioner,**

**vs.**                           **No. 14-0364-DRH**

**UNITED STATES OF AMERICA,**

        **Respondent.**

### ORDER

**HERNDON, Chief Judge:**

This matter is before the Court on petitioner's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 (Doc. 1). On August 25, 2011, the Court sentenced Doyle to life imprisonment. *See United States v. Doyle*, 10-30057-DRH; Docs. 106 & 109. During the proceedings, Doyle was represented by attorneys John D. Stobbs, II and Thomas Q. Keefe, IIII. (Docs. 224 & 226). Doyle appealed and the Seventh Circuit Court of Appeals affirmed his sentence and conviction on September 11, 2012. *Id*. at Doc. 268; *United States v. Doyle*, 693 F.3d 769 (7th Cir. 2012). The Supreme Court denied c*ertiorari* on March 18, 2013. *Doyle v. United States*, 133 S.Ct. 1611 (March 18, 2013).

In his § 2255 petition, defendant raises twenty-seven grounds for relief all which center around claims of ineffective assistance of counsel.

His claims range from ineffective assistance of counsel regarding jury instructions to ineffective assistance of counsel for failing to object to the fine. Doyle may proceed on his §2255 petition if he can show either "cause for the default **and** actual prejudice as a result of the alleged violation of federal law," or "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v.Thompson*, 501 U.S. 722, 750 (1991) (emphasis added); *see also Edwards v. Carpenter,* 529 U.S. 446, 455 (2000).

In *Murray v. Carrier*, the Supreme Court held that ineffective assistance of counsel may constitute cause. However, "[s]o long as a defendant is represented by counsel whose performance is not **constitutionally** ineffective under the standard established in *Strickland v. Washington*, [466 U.S. 668 (1984),] [there is] no inequity in requiring him to bear the risk of attorney error that results in a procedural default." *Murray*, 477 U.S. at 488 (emphasis added).

In order to show ineffective assistance of counsel under *Strickland*, a petitioner must satisfy yet another two pronged test by showing: (1) "counsel's representations fell below an objective standard of reasonableness" (the performance prong); and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (the prejudice prong). *Strickland*,

466 U.S. at 688, 694. In *Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994), the Seventh Circuit held that a § 2255 movant need not demonstrate prejudice when raising an allegation of ineffective assistance of counsel where petitioner's lawyer failed to file a requested direct appeal. *Id.* at 719.

In his motion, petitioner alleges that his counsels' performances were below a reasonable standard.  In essence, petitioner is arguing that but for the grounds raised in his motion, he would have had sufficient counsel and would likely have not have been found guilty and/or received such a lengthy sentence.

The Court **ORDERS** the government to file a response to petitioner's motion within **THIRTY (30) DAYS** of the date of this Order. The government shall, as part of its response, attach all relevant portions of the record.

**IT IS SO ORDERED.**

Signed this 24th day of March, 2014.

Digitally signed by David R. Herndon
Date: 2014.03.24 15:51:31 -05'00'

**Chief Judge**
**United States District Court**